JANE M. FLYNN, ESQ. (SBN 167466)
jane.flynn@fedex.com
**FEDERAL EXPRESS CORPORATION**
2601 Main Street, Suite 1100
Irvine, CA 92614
Telephone: (949) 862-4643
Facsimile: (901) 492-5641

Attorney for Defendant
FEDERAL EXPRESS CORPORATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUANE MINOR,<br><br>                    Plaintiff,<br><br>vs.<br><br>FEDERAL EXPRESS CORPORATION a Delaware corporation; and DOES 1 - 50, inclusive,<br><br>                    Defendants. | **Case No. 3:26-cv-1862**<br><br>**DEFENDANT'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER ARTICLE III OF THE U.S. CONSTITUTION AND 28 U.S.C. §§ 1332, 1441 AND 1446**<br><br>**[DIVERSITY JURISDICTION]**<br><br>Complaint Filed: December 30, 2025<br>Trial Date:        Not Set |

TO PLAINTIFF, HIS ATTORNEYS, AND THE CLERK OF THE FEDERAL DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE THAT defendant Federal Express Corporation, contemporaneously with the filing of this Notice, hereby effects the removal of the below referenced action from the Superior Court in the State of California County of Alameda to the United States District Court for the Northern District of California. The removal is based on 28 U.S.C. sections 1332(a) and 1441(a.) In support of its Petition and Notice of Removal of Civil Action, defendant states and alleges as follows:

(325716)                                     1

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

## JURISDICTION - DIVERSITY

1.      This Court has diversity jurisdiction over this action. It is a controversy between citizens of different states and therefore satisfies diversity of citizenship requirements as contemplated by Article III, Section Two of the United States Constitution and 28 U.S.C. §§1332 and 1441(b.) The Complaint contemplates more than $75,000 in controversy and thereby meets the amount in controversy requirement for diversity jurisdiction. Defendant timely filed its notice of removal.

## DIVISIONAL ASSIGNMENT

2.      This case is removed from the California Superior Court, Alameda County. Plaintiff alleges he worked for defendant in Alameda County and alleges wrongful acts occurred in Alameda County.

## THE STATE COURT ACTION

3.      On or about December 30, 2025, plaintiff Duane Minor filed a civil action in the Superior Court of the State of California for the County of Alameda entitled "Duane Minor, Plaintiff, vs. Federal Express Corporation; and DOES 1 through 50, Defendants," state court case no. 25CV162213 (hereinafter, the "Complaint"). A true and correct copy of the Complaint, Summons, Notice of Case Conference Management Conference, Notice of Case Assignment, Civil Case Cover Sheet and Notice of Appearance of Kenneth Chike Odiwe as Counsel for Duane Minor are attached hereto as Exhibit "A."

4.      On February 3, 2026, Federal Express Corporation received notice of the service of the Complaint on its agent for service of process.

5.      Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders filed in the state court action are attached hereto as Exhibits "A."

6.      The Complaint asserts the following causes of action: (1) Race Discrimination in Violation of FEHA and Title VII; (2) Harassment and Hostile Work Environment in violation of FEHA and Title VII; (3) Constructive Discharge in violation of FEHA and Title VII; (4) Negligent Hiring and Retention and (5)

(325716)                                    2

Negligent Infliction of Emotional Distress.

### THERE IS COMPLETE DIVERSITY BETWEEN THE PARTIES

7.      Plaintiff is a citizen of the United States of America and of California. (*Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("To be a citizen of a state, a natural person must first be a citizen of the United States.").)

8.      Plaintiff alleges defendant hired him in November 2020. (Complaint, paragraph 13, Exh. A.) Plaintiff alleges he worked for defendant at is facility in Hayward, California and in Alameda County. Plaintiff alleges the wrongful conduct supporting his claims in the Complaint primarily occurred in Hayward, California. (Complaint, paragraphs 5 and 7, Exh. A.) Plaintiff alleges his employment with defendant terminated in June 2022. (Complaint, paragraph 35, Exh. A.)

9.      At the time of his hire, Plaintiff filled out paperwork indicating he resided in Hayward, California. (Declaration of Kenia Solano ISO of Removal, at ¶ 4 and Exh. "D," Employee Data Sheet.) According to defendant's employment records for Plaintiff, Plaintiff resigned March 10, 2023, and his employment terminated June 8, 2023. (Solano Decl., at ¶¶ 5, 6 and Exhs. "E" (Resignation) and "F" (Workday Profile). According to defendant's employment records, during his employment with defendant Plaintiff worked and lived in Hayward, California. (Solano Decl., at ¶ 6 and Exh. "F," Workday Profile.) According to public records available on Lexis, Plaintiff currently resides in Hayward, California and has resided in California since 1991. (Declaration of Jane M. Flynn ISO of Removal, at ¶ 6 and Exhibit "C.") In the public records available on Lexis, it also shows he has a California driver's license and two professional security guard licenses, one issued in 2016, and one issued in 2025. *Id.*

10.      On information and belief, Plaintiff is a citizen of California. (*Kanter,* 265 F.3d at 857 ("The natural person's state citizenship is then determined by his state of domicile, not his state of residence. A person's domicile is his permanent home, where he resides with the intention to remain or to which he intends to return.").)

11.      Plaintiff alleges Defendant is a Delaware Corporation. (Complaint ¶ 6,

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

(325716)      3

PETITION AND NOTICE OF REMOVAL

Exhibit "A" hereto.) Federal Express Corporation was incorporated in the State of Delaware on June 24, 1971. Since 1973, Federal Express Corporation's headquarters and principal place of business have been in Memphis, Tennessee. Federal Express Corporation's world headquarters and principal place of business are currently located at 3610 Hacks Cross Road, Memphis, Tennessee 38125. (Declaration of Shahram A. Eslami ISO Petition and Notice of Removal at ¶¶ 4-13.) High-level officers of Federal Express Corporation work at the Memphis world headquarters. These high-level officers direct, control, and coordinate the corporation's activities from the Memphis world headquarters. (Eslami Decl., at ¶ 14.) Federal Express Corporation conducts business throughout the United States and the world. (Eslami Decl., at ¶ 15.) Federal Express Corporation is, and was when the Complaint was filed, a citizen of the States of Delaware and Tennessee.

12.     Federal Express Corporation is a wholly owned subsidiary of FedEx Corporation. (Eslami Decl., at ¶ 4.) FedEx Corporation was incorporated in the State of Delaware on October 2, 1997. Its headquarters and principal place of business are currently located at 942 South Shady Grove Road, Memphis, Tennessee 38120. FedEx Corporation is a publicly traded holding company with several wholly owned subsidiaries. Through its wholly owned subsidiaries, FedEx Corporation conducts business throughout the United States and the world. (Eslami Decl., at ¶ 3.) The majority of FedEx Corporation's high-level officers work at the corporation's Memphis headquarters. (Eslami Decl., at ¶ 3.) These high-level officers direct, control, and coordinate the corporation's activities from its Memphis headquarters.

13.     If a party is a corporation, it is a citizen of both its state of incorporation and the state where it has its principal place of business. (28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 599 U.S. 77, 92-93 (2010) ("[w]e conclude that the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities.").) Both Federal Express Corporation and FedEx Corporation are citizens of Delaware and Tennessee.

14.     "Doe" defendants named but not served are not joined in this Notice of Removal. (*Savelson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984); *N. Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 272 (7th Cir. 1982).)

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

15.     In an action by a single plaintiff against a single defendant, all claims can be aggregated to meet the minimum jurisdictional amount. (*Bank of Cal. v. Twin Harbors Lumber Co.*, 465 F. 2d 489, 491 (9th Cir. 1972).)

16.     The amount in controversy may include general and special compensatory damages and attorney's fees recoverable by statute. (*Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).) Plaintiff seeks recovery of general, consequential and special damages, including emotional distress, medical expenses and attorney's fees. He alleges he suffered severe emotional distress, anxiety, pain and suffering and medical expenses. Plaintiff seeks recovery of his attorneys' fees and punitive damages. (Complaint, ¶ 39-41, 45-47, 54-56 and Prayer for Relief, Exhibit "A".)

17.     In determining whether the amount in controversy exceeds $75,000.00, the Court must presume Plaintiff will prevail on every one of his claims. (*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 993, 1001 (C.D. Cal. 2002), *citing Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "Plaintiff prevails on liability") and *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated").) The argument and facts set forth may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. (*Cohn v. Petsmart, Inc.*, 281 F.3d 837, 843, n.1 (9th Cir. 2002) (*citing Willingham v. Morgan*, 395 U.S. 402, 407, n.3 (1969).)

## Plaintiff Seeks Past And Future Lost Wages

18.     Plaintiff alleges he suffered and will continue to suffer general, special

and consequential damages, including but not limited to loss of wages, salary, benefits, and other employment and retirement benefits. (Complaint, ¶ 39, 45, Exh. "A".)

19.     Plaintiff's employment terminated June 9, 2023. (Solano Decl, ¶ 5, 6 and Exhibit "E" California Employee Change in Status Notification and Exh. "F" Workday Report). At the time of his termination, Plaintiff earned $19 per hour and was employed on a full-time (40 hours per week) basis. (Solano Decl., at ¶ 6, Exh. "F" Workday Report.) This equates to $760 per week.

20.     There have been 142 workweeks since Plaintiff's June 9, 2023 termination. At $760 per week, lost wages to date of removal are $107,920.

21.     When establishing the amount in controversy for purposes of diversity jurisdiction, Defendant is not limited to alleged lost wages incurred at the time of removal. In *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413 (9th Cir. 2018), the Ninth Circuit held that "the amount in controversy is not limited to damages incurred prior to removal — for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal)," but rather "is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious."

22.     Courts have found that one year from the date of removal is a "conservative estimate of the trial date" in employment cases. (*Fisher v. HNTB Corp.*, 2018 U.S. Dist. LEXIS 205323, at *13 (C.D. Cal. Dec. 3, 2018); *Beltran v. Procare Pharm., LLC*, 2020 U.S. Dist. LEXIS 26098, at *7 (C.D. Cal. Feb. 14, 2020) (finding a one-year prospective trial date appropriate).) Assuming this case is tried to verdict within one year of removal, there is an additional $39,520 in past lost wage damages. Plaintiff seeks future lost wages, which are available under FEHA. If he prevails, his economic damages will increase.

23.     Total past lost wages at the anticipated time of trial are $147,440, which alone exceeds the $75,000 jurisdictional requirement.

(325716)                                           6

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

## Plaintiff Seeks Emotional Distress Damage

24.     Plaintiff alleges he suffered and continues to suffer from "emotional distress, embarrassment, humiliation, mental anguish, and anxiety, all to his damage in an amount in excess of jurisdictional requirements and according to proof." (Complaint, ¶ 55, Exh. A.) In California State Court, the amount in controversy for a case to be classified as unlimited, as is Plaintiff's case, is $35,000. Cal. Code Civ. Proc. § 85. Thus, there is at least $35,000 in emotional distress damages at issue in this case. Courts have held emotional distress damages awarded in similar cases are instructive. In *Diaz v. Tesla, Inc*., 697 F. Supp. 3d 906 (N.D. Cal. 2023), the plaintiff alleged he encountered racist epithets, swastikas and racist drawings in the workplace, the jury originally awarded $6.9 million in emotional distress damages. After the judge ruled the initial amount excessive, a second jury awarded $175,000 in emotional distress damages.

## Plaintiff Seeks Punitive Damages

25.     Plaintiff seeks punitive damages. (Complaint, prayer for relief.) Punitive damages are included when calculating the amount in controversy. (*Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *see also Aucina v. Amoco Oil Co*., 871 F. Supp. 332 (S.D. Iowa 1994).) If Plaintiff prevails and establishes the requirements of California Civil Code section 3294, the punitive damages alone could exceed the jurisdictional minimum. "To assess the amount of punitive damages that is appropriate in a given case, the court considers the nature of the defendant's wrongdoing, the amount of compensatory damages, and the wealth of the particular defendant." (*Am. Gen. Life & Accident Ins. Co. v. Findley*, 2013 U.S. Dist. LEXIS 41644, 48-49 (C.D.Cal. 2013).) The potential punitive damage award against a Fortune 100 defendant such as Federal Express Corporation alone may satisfy the amount in controversy requirement. In *Aucina v. Amoco Oil Co*., 871 F.Supp. 332, 334 (S.D.Iowa 1994), the defendant-employer established that the

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

(325716)                                    7

PETITION AND NOTICE OF REMOVAL

amount in controversy exceeded the jurisdictional minimum where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted the defendant was a Fortune 500 Company and that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct 'the plaintiff's claim for punitive damages' might alone exceed the jurisdictional minimum." (*Aucina*, 871 F.Supp. at 334.)

27.     In *Diaz v. Tesla, Inc.*, 697 F. Supp. 3d 906 (N.D. Cal. 2023), the plaintiff alleged he encountered racist epithets, swastikas and racist drawings in the workplace. The jury originally awarded $130 million in punitive damages. After the judge ruled the initial amount excessive, a second jury awarded $3 million in punitive damages.

## **Plaintiff Seeks His Attorneys' Fees**

28.     Plaintiff seeks recovery of his attorney's fees. (Complaint, prayer for relief.) Attorney's fees are available under FEHA on Plaintiff's claims for disability discrimination, retaliation, and failure to accommodate. Attorney's fees are properly considered in determining the amount in controversy where, as here, such fees are recoverable by statute. (*Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998)).

29.     Attorney's fees are not limited to those incurred up to removal. (*Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018); *Arias v. Residence Inn*, 936 F.3d 920, 928 (9th Cir. 2019)).

30.     When examining what is a reasonable amount of attorney's fees at issue in FEHA cases for purposes of diversity jurisdiction, courts have found prosecuting employment claims "undoubtedly require[s] substantial effort from counsel." (*Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) ("[I]n [the Court's] twenty-plus years' experience, attorneys' fees in individual discrimination cases often exceed the damages.").)

31.     The Court may take judicial notice of attorney's fee awards in similar cases. Cases in the Ninth Circuit firmly establish that statutory attorney's fees will be

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

PETITION AND NOTICE OF REMOVAL

included as a basis for determining the jurisdictional amount in controversy. (*See Galt G/S*, 142 F. 3d at 1155-56.) Northern District of California courts have recently awarded rates of $850 per hour for senior attorneys. In *Muniz v. UPS*, 738 F.3d 214 (9th Cir. 2013), the Ninth Circuit upheld an attorney's fee award of $697,97.80 where the defendant had defeated most of the plaintiff's claims prior to trial, and the jury awarded the plaintiff only $27,280 in damages.

32.     Estimates by counsel are admissible to support the amount of fees at issue. (*Brady v. Mercedes-Benz USA, Inc*., 243 F. Supp. 2d 1004, 1011 (N.D.Cal. 2002) ("The amount of fees commonly incurred in similar litigation can usually be reasonably estimated based on experience. Certainly, attorneys are often called upon by their clients before or at the outset of litigation to give an estimate of the fees likely to be incurred in prosecuting or defending a case to resolution.").) Defense counsel has over 30 years of experience litigating employment claims. In his opinion, if this case proceeds to trial, the attorney's fee exposure alone exceeds $75,000. (Flynn Decl. at ¶¶ 3, 4.)

33.     Removal of the case to federal court under Article III of the United States Constitution is available to Defendant because this is a civil action between citizens of different states and the amount in controversy, based upon Plaintiff's claims and verdicts in similar cases, exceeds $75,000.00, exclusive of interest and costs.

## REMOVAL IS TIMELY

34.     The 30-day removal period runs when the party seeking to remove receives a "paper from which it may first be ascertained that the case is . . . removable." 28 U.S.C. § 1446(b)(3.)

35.     Plaintiff served the Complaint on Defendant's agent for service of process, CT Corp, on February 3, 2026. (Flynn Decl., ¶ 5 and Exhibit "C.") Pursuant to 28 U.S.C. § 1446(b) (3), this case is being removed within thirty days of service of documents from which it could first be ascertained this case was removable.

## CONCLUSION

(325716)                                        9

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

PETITION AND NOTICE OF REMOVAL

Because this civil action is between citizens of different states and the matter in controversy is over $75,000.00, exclusive of interest and costs, this Court has original jurisdiction over it and Federal Express Corporation may remove the action to this Court under Article III of the United States Constitution and 28 U.S.C. §§1332 and 1441(b.) Federal Express Corporation respectfully requests this Court exercise its removal jurisdiction over this action.

DATED:  March 4, 2026

Respectfully submitted,

*/s/ Jane M. Flynn*

By: _____

JANE M. FLYNN
Attorney for Defendant
FEDERAL EXPRESS CORPORATION

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

(325716)

10

PETITION AND NOTICE OF REMOVAL

EXHIBIT A
PETITION AND NOTICE OF REMOVAL

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FEDERAL EXPRESS CORPORATION a Delaware corporation; and DOES 1-50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DUANE MINOR, pro se

| |
|---|
| *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California<br>County of Alameda<br>12/30/2025<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____ A. Gospel _____ Deputy |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Hayward Hall of Justice

24405 Amador St, Hayward, CA 94544

**CASE NUMBER:**
*(Número del Caso):*
**25CV162213**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Duane Minor, 20353 Royale Avenue, Hayward, CA 94541, (408) 406-7486

DATE: 12/30/2025          Clerk, by _____*André Gospel*_____ , Deputy
*(Fecha)* Chad Finke, Executive Officer / Clerk of the Court *(Secretario)*          *(Adjunto)*
                                                                A. Gospel
*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Federal Express Corporation, a Delaware corporation
   under: ☑ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 2/3/2026

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

Date Served: 2/3/2026
Time Served:
Server: WB
CT 15008d5
733 pm

PETITION AND NOTICE OF REMOVAL
EXHIBIT A, PAGE 11

Duane Minor, *pro se*
20353 Royale Ave.
Hayward, CA 94541
dminor780@gmail.com

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
12/30/2025 at 10:04:23 PM
By: Andrel Gospel,
Deputy Clerk

## UNITED STATES DISTRICT COURT

## FOR THE COUNTY OF ALAMEDA

DUANE MINOR, pro se

  Plaintiff,

  v.

FEDERAL EXPRESS CORPORATION a
Delaware corporation; and DOES 1-50

  Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 25CV162213

COMPLAINT FOR DAMAGES

1.  Race Discrimination in violation of FEHA and Title VII

2.  Harassment and Hostile Work Environment in violation of FEHA and Title VII

3.  Constructive Discharge in violation of FEHA and Title VII

4.  Negligent Hiring and Retention

5.  Negligent Infliction of Emotional Distress

**(JURY TRIAL DEMANDED)**

  COMES NOW the Plaintiff DUANE MINOR (hereinafter referred to as "Plaintiff" or "Mr. Minor") who hereby respectfully alleges, avers, and complains as follows:

MINOR V. FEDEX CORPORATION
- 1 -

## INTRODUCTION

1. This action was brought by Plaintiff DUANE MINOR, pursuant to California statutory, decisional, and regulatory laws. Plaintiff was an employee of Defendant FED EX CORPORATION (hereinafter referred to as "Defendant" or "FED EX" at all times mentioned).

2. Plaintiff alleges that California statutory, decisional, and regulatory laws prohibit the conduct by Defendant herein alleged, and therefore Plaintiff is entitled to monetary relief on the basis that Defendant violated such statutes, decisional law, and regulations.

## NATURE OF THE ACTION

3. This is a racial discrimination to vindicate the rights afforded to Plaintiff under Title VII of the Civil Rights Act of 1964, California Fair Employment and Housing Act ("FEHA"), Government Code Sections 12940, *et seq.*, and 42 U.S.C. § 1981. Plaintiff was treated differently because of his race and because he complained to his supervisor and representatives of Defendant FED EX about the mistreatment he experienced and continues to experience.

4. Plaintiff is informed and believes, and based thereon alleges, that at all times relevant to this Complaint, Defendant FED EX is a limited liability company authorized to operate in the State of California with its principal place of business in Memphis, Tennessee. Defendant FED EX was and is Plaintiff's employer in the relevant time period.

## JURISDICTION AND VENUE

5. Jurisdiction is proper because Defendant operated as an employer in the State of California and at all times herein mentioned was qualified to do business, and doing business, in Alameda County. Venue is proper in Alameda County because Plaintiff worked for Defendant in the County of Alameda, and the conduct that gives rise to this Complaint primarily occurred in Hayward, California.

6. The amount in controversy exceeds the jurisdictional minimum of this Court.

MINOR V. FEDEX CORPORATION
- 2 -

## PARTIES

7. At all times herein mentioned, Plaintiff DUANE MINOR is an individual employed by Defendant FED EX's facility at 3596 Baumberg Ave Hayward, California 94545.

8. At all times herein mentioned, Defendant FED EX is a corporation, duly organized, existing, and authorized pursuant to the laws of the State of California and is, and at all times herein mentioned was qualified to do business, and doing business in the County of Hayward, State of California.

9. Plaintiff is informed and believes and thereon alleges that each of the Defendants herein were at all times the agent, employee, or representative of each remaining Defendant and were at all times herein acting within and outside the scope and purpose of said agency and employment. Plaintiff further alleges that as to each Defendant, whether named, or referred to as a fictitious name, said Defendants supervised, ratified, controlled, acquiesced in, adopted, directed, substantially participated in, and/or approved the acts, errors, or omissions, of each remaining Defendant.

10. The true names and capacities of the Defendants named herein as DOES 1 through 50, inclusive, whether individual, corporate, partnership, association or otherwise, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff will request leave of court to amend this Complaint to allege their true names and capacities at such time as they are ascertained.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Mr. Minor exhausted his administrative remedies by timely filing a complaint for the issues required to be raised herein against Defendant with the State of California Civil Rights Department ("CRD"), and thereafter received a Right to Sue letter from the CRD.

## FACTUAL ALLEGATIONS

MINOR V. FEDEX CORPORATION
- 3 -

12. This case centers on Mr. Minor's experience working as a packaging department and safety officer at the FED EX facility in Hayward. During his employment, Mr. Minor was subjected to several violations of California statutory and decisional law.

13. In or about November 2020, FED EX hired Mr. Minor as a packaging handler.

14. In or about January 2021, Mr. Minor was selected to be on FED EX's Safety Committee.

15. In or about March 2021, Mr. Minor was promoted to FED EX's Singulator Operator.

16. On or about May or June 2021, Mr. Minor discovered racial graffiti writings, including the words "White Power" and several "Swastikas, on a piece of paper taped on Mr. Minor's workstation table and the Jam Pole at Singulator 1 on the second floor of the FED EX facility.

17. Mr. Minor immediately reported the harassing and violent writings to Sort Manager Quan (Last Name Unknown), who came to Mr. Minor's work area and advised him that a picture would be taken and that Quan would report the picture to Human Resources.

18. The following day, Mr. Minor returned to his workstation on the second floor to find the graffiti still there. Mr. Minor took it upon himself to clean it off using surface cleaning wipes.

19. To ensure the racial graffiti at his work station was addressed, Mr. Minor, again, reported the graffiti at FED EX's Safety Meeting on or around June 2021, where Plant Manager Kenny Bridges Sort Managers Jackie (LNU), Ben Washington, Louie (LNU) (who is also Maintiance Manager), and Personnel from Human Resources were in attendance.

20. Despite bringing up the graffiti at this safety meeting, the racist words and drawins remained at his workstation for nearly a week following the meeting.

21. Despite Quan advising that he took photos of the racial graffiti and addressing his concerns at the Safety Meeting in the presence of FED EX's higher management, no action was ever taken about the incident.

22. In February 2022 Mr. Minor was contacted by Jason Kohagen, FED EX Security Manager Investigator, who informed Mr. Minor there was no record of this incident with FED EX Human Resources.

MINOR V. FEDEX CORPORATION
- 4 -

23. On or about February 4, 2022, Mr. Minor clocked in for his shift around 5:30 p.m. and entered the warehouse's second floor, which oversees the entire facility. As he was retrieving his work vest and tools to bring to his workstation, he noticed a large black nylon rope, approximately 3 feet, tied to a yellow rail on the balcony near Mr. Minor's workstation. The rope was in the shape of a "noose," and he felt someone placed the rope by Mr. Minor's station as he was one of the only African American males at the facility.

24. Following this disturbing encounter, a visibly distraught Mr. Minor immediately called his Sort Manager, Steve Davis, and Plant Manager, Kenny Bridges, over his radio to come to his station. Bridges showed up first and Mr. Minor pointed at the noose and stated, "what is this". Bridges was unable to recognize what the rope was in initially. Davis came up the stairs shortly after as Mr. Minor and Bridges were talking and observing the noose. Bridges was about to grab the noose, but Mr. Minor advised him not to touch it because he wanted to take a picture. Mr. Minor requested his supervisors to look over the video cameras immediately to see who had placed the "noose" on the rail. As a result of being upset Mr. Minor attempted to take a photo for his records but supervisor, Bridges, advised Mr. Minor that was not allowed to take a photo because it violated FED EX policy. Bridges advised Mr. Minor that he would take a photo of the "noose" himself and would turn the "noose" over to their security department and FED EX Human Resources. Mr. Minor requested a copy of the photo of the noose and FED EX policy but never received either one.

25. Mr. Minor feared for his life, feeling targeted by his ethnicity, and advised his supervisors that he needed to go home for the remainder of the day.

26. Upon information and belief, FED EX employee Tim Allen and his supervisor, Jason Koghen, reviewed the surveillance footage and conducted an internal investigation.

27. On or about February 5, 2022, Mr. Minor filed a police report with the Hayward Police Department detailing his workplace violence, hate crime, and racial harassment of FED EX employees.

MINOR V. FEDEX CORPORATION
- 5 -

28. On or about February 5, 2022, Hayward Police Department Officers contacted Davis as a part of their investigation and to get the names of the shift supervisors on duty before him. Still, Davis could not provide the names as he was unaware of them. Davis stated to Hayward Police Officers that he noticed it was black and made of nylon and tied into a "noose," which appeared racially biased. Davis also told Hayward Police Officers that Mr. Minor was targeted because the area he worked at was in an elevated section of the facility. Hayward Police Officers asked Davis if he could provide him with Bridge's telephone number, but he did not have it.

29. On or about February 5, 2022, Hayward Police Officers also attempted to contact FED EX Security Manager Art Huntley, who had access to the surveillance footage at the time of the incident. Officers also attempted to contact Head/ Senior Supervisor Mike C. Neither FED EX employees returned Hayward Police Officers' calls. Upon information and belief, Art Huntly was no longer employed with FED EX at this time.

30. On February 7, 2022, Davis told Hayward Police Officers the rope used for the noose was not from the FED EX facility and would not have been brought to the facility unless it fell out of a package.

31. On February 8, 2022, Jason Kohagen contacted Mr. Minor to initiate an internal investigation interview of what Mr. Minor experienced.

32. Mr. Minor had his initial interview on February 11, 2022, with Jason Kohagen and other Human Resource managers and employees.

33. Steve Davis advised Mr. Minor that two other employees worked at his workstation prior to his shift, but Mr. Minor is unaware of their names. It is Mr. Minor's information and belief that any FED EX employee could access his workstation on the facility's second floor at any time of the day.

34. On June 2, 2022, Mr. Minor received an email from FedEx Human Resources Harold Stewart stating that they had concluded their investigation and found workplace violence, but no perpetrator was found. At the time of this lawsuit, Mr. Minor has never been

MINOR V. FEDEX CORPORATION
- 6 -

provided with a conclusion about who placed the "noose" at his workstation. Mr. Stewart advised Mr. Minor that he was eligible to submit a Leave of Absence to FedEx.

35. On or about June of 2022, Mr. Minor terminated his employment at FEDEX.

**FIRST CAUSE OF ACTION**
**Race Discrimination in violation of FEHA and Title VII**
*(Against All Defendants)*

36. Plaintiff incorporates by reference and realleges each of the foregoing paragraphs.

37. The conduct of Defendant FED EX created a hostile work environment for Plaintiff, making the conditions of his employment intolerable in direct contravention of various statutes and state law decisions, including but not limited to California Government Code §12940(h) and (j). Plaintiff was subjected to a hostile work environment due to, including but not limited to, racially charged images and iconography left in clear view with the implied directive of targeting minority workers and making them fearful to come to work. When informed of these hate symbols, Defendant did not do a thorough investigation and did not comply with Hayward Police Department's inquiries for their own investigation.

38. Such harassment was so severe that it altered the terms and conditions of Plaintiff's employment, creating a hostile, abusive work environment and making his work conditions intolerable. Said harassment was sufficiently extreme and totally pervasive to amount to a change in the terms and conditions of Plaintiff's employment.

39. As a direct and legal result of Defendants' conduct, Plaintiff has suffered and continues to suffer general, consequential, and special damages, including but not limited to emotional distress, medical expenses, and attorney's fees, all to their damage in the amount according to proof.

40. As a proximate result of Defendants' conduct, Plaintiff also suffered severe emotional distress, anxiety, pain and suffering, medical expenses, attorney's fees, and other damages to be determined at trial according to proof.

41. Said actions justify the impositions of punitive damages in that Defendants committed the acts alleged herein maliciously, oppressively, with the wrongful intention of injuring

MINOR V. FEDEX CORPORATION
- 7 -

Plaintiff, and in conscious disregard of Plaintiff's rights. Based on the foregoing, Plaintiff is entitled to recover punitive damages from Defendants in the amount according to proof.

### SECOND CAUSE OF ACTION
**Harassment and Hostile Work Environment in violation of FEHA and Title VII**
*(Against All Defendants)*

42. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

43. Plaintiff was subjected to harassment on the bases of their race as alleged in more detail above. Such conduct is prohibited by FEHA, Cal. Gov Code §12940, subdivisions (j) and (k).

44. Under FEHA, an employer is strictly liable for the harassing conduct of its agents and supervisor. (Fisher v. San Pedro Peninsula Hospital (1989) 214 Cal.App.3d 590). FEHA also requires employers to take all reasonable steps necessary to prevent unlawful harassment from occurring (Gov. code §12940(j), (k)).

45. As a direct and legal result of Defendants' conduct, Plaintiff has suffered and continues to suffer general, consequential, and special damages, including but not limited to emotional distress, medical expenses, and attorney's fees, all to their damage in the amount according to proof.

46. As a proximate result of Defendants' conduct, Plaintiff also suffered severe emotional distress, anxiety, pain and suffering, medical expenses, attorney's fees, and other damages to be determined at trial according to proof.

47. Said actions justify the impositions of punitive damages in that Defendants committed the acts alleged herein maliciously, oppressively, with the wrongful intention of injuring Plaintiff, and in conscious disregard of Plaintiff's rights. Defendant had notice and knowledge of inappropriate and racist behavior in the workplace, but failed to take reasonable steps to prevent such conduct. As a result, Mr. Minor was subjected to unwelcomed racial animosity and unlawful race-based prejudice. Based upon the foregoing, Plaintiff is entitled to recover punitive damages from Defendant in an amount according to proof.

MINOR V. FEDEX CORPORATION
- 8 -

## THIRD CAUSE OF ACTION
### Constructive Discharge in violation of FEHA and Title VII
### *(Against All Defendants)*

48. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

49. At all times herein, there was an employer/employee relationship between Plaintiff and Defendant. By permitting a hostile work environment to flourish at FED EX, Defendant subjected Mr. Minor to continuous racial discrimination, harassment, and retaliation.

50. Plaintiff made legally-protected complaints multiple times to his direct manager and human resources. Defendant intentionally created or knowingly permitted these working conditions.

51. These working conditions were so intolerable that a reasonable person in Mr. Minor's position would have no reasonable alternative except to resign.

52. Mr. Minor was harmed.

53. The working conditions were a substantial factor in causing Mr. Minor's harm.

54. As a direct and proximate result of the constructive discharge Mr. Minor suffered and continues to suffer damages, including but not limited to loss of wages, salary, benefits, and other employment and retirement benefits that Plaintiff would have received.

55. As a further direct and proximate result of the unlawful conduct and discrimination that Mr. Minor suffered, he continues to suffer from: emotional distress, embarrassment, humiliation, mental anguish, and anxiety, all to his damage in an amount in excess of jurisdictional requirements and according to proof.

56. Defendant committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Mr. Minor, with an improper and evil motive amounting to despicable conduct, and in conscious disregard of Mr. Minor's rights. Therefore, in addition to compensatory damages, Mr. Minor is entitled to recover punitive damages from Defendant in an amount according to proof.

## FOURTH CAUSE OF ACTION
### Negligent Hiring and Retention
### *(Against All Defendants)*

MINOR V. FEDEX CORPORATION
- 9 -

57. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

58. Plaintiff is informed and believes and thereon alleges that at all times relevant herein that Defendants knew or should have known through a reasonable investigation of Mr. Minor's claims of racial harassment for abusive conduct directed by Defendant's employees.

59. Defendant has a duty to Mr. Minor to thoroughly investigate instances of racial animus and to terminate those who perpetrate such acts. Defendant negligently hired, retained, or supervised individuals in their position with the company wherein their conduct could and did harm Mr. Minor. Further, Defendant failed to provide reasonable supervision over its security and investigative personnel, despite Defendant's actual or constructive knowledge of racial incidents and the likelihood of their reoccurrence at the aforementioned location. Both security and investigative personnel had knowledge of prior instances of racial agitation made against Mr. Minor and did nothing to stop it.

60. As a direct and legal result of Defendants' conduct, Plaintiff has suffered and continues to suffer general, consequential, and special damages, including but not limited to emotional distress, medical expenses, and attorney's fees, all to their damage in the amount according to proof.

61. As a proximate result of Defendants' conduct, Plaintiff also suffered severe emotional distress, anxiety, pain and suffering, medical expenses, attorney's fees, and other damages to be determined at trial according to proof.

62. Said actions justify the impositions of punitive damages in that Defendants committed the acts alleged herein maliciously, oppressively, with the wrongful intention of injuring Plaintiff, and in conscious disregard of Plaintiff's rights. Defendant had notice and knowledge of inappropriate behavior but never terminated a single bad actor. As a result, Mr. Minor was subjected to continued unwelcome racial violence, explicit displays of harassment and unlawful racial violence. Based upon the foregoing, Plaintiff is entitled to recover punitive damages from Defendant in an amount according to proof.

## FIFTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress

MINOR V. FEDEX CORPORATION
- 10 -

*(Against All Defendants)*

63. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

64. Defendants agents and/or employees engaged in negligent and careless conduct as alleged in this Complaint to Mr. Minor's detriment.

65. Defendants agents and/or employees knew or should have known that such conduct would cause direct and immediate emotional harm to Mr. Minor, and it so negligently ran the employment environment that it did, in fact, cause Mr. Minor such harm.

66. Defendants agents and/or employees subjected Mr. Minor to harassment, discrimination, and retaliatory conduct. Defendants agents and/or employees engaged in these actions with negligent disregard for Mr. Minor's well-being.

67. Defendants agents and/or employees knew or should have known that the harassment, discrimination, and retaliatory conduct it perpetrated was likely to cause harm to Plaintiff. Each of these acts, and certainly all of them together, resulted in Mr. Minor suffering Post Traumatic Stress Disorder, anxiety, insomnia, and depressive symptoms.

68. As a proximate result of the Defendant agent's and/or employees' conduct, Plaintiff also suffered severe emotional distress, medical expenses, attorney's fees, and other damages to be determined at trial according to proof.

69. Said actions justify the impositions of punitive damages in that Defendants agents and/or employees committed the acts alleged herein maliciously, oppressively, with the wrongful intention of injuring Plaintiff, and in conscious disregard of Plaintiff's rights. Based upon the foregoing, Plaintiff is entitled to recover punitive damages from Defendant in an amount according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Minor requests judgment against Defendant FEDEX, DOES 1 – 50, and each of them, jointly and severally, as follows:

1. For general damages according to proof;

2. For special damages according to proof;

3. For punitive damages according to proof;

MINOR V. FEDEX CORPORATION
- 11 -

4.  For such other relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

Dated: December 29, 2025                    Respectfully submitted

                                            /s/ Duane Minor ___ __
                                            DUANE MINOR, pro se

MINOR V. FEDEX CORPORATION
- 12 -

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br><br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>12/30/2025<br>Clad Flile , Execu jue Order /Cerk of the Court<br>By: _Andri Jam_ Deputy<br>A. Gospel |
| PLAINTIFF(S):<br>DUANE MINOR, | |
| DEFENDANT(S):<br>FEDERAL EXPRESS CORPORATION | |
| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>25CV162213 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:

ASSIGNED JUDGE:    Joscelyn Jones
DEPARTMENT:    19
LOCATION:    Rene C. Davidson Courthouse
Administration Building, 1221 Oak Street, Oakland, CA 94612
PHONE NUMBER:    (510) 267-6935
FAX NUMBER:
EMAIL ADDRESS:    Dept.19@alameda.courts.ca.gov

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

Please note: In this case, any challenge pursuant to Code of Civil Procedures section 170.6 must be exercised within the time period by law. (See Code of Civ. Proc. §§ 170.6, subd. (a.)(2) and 1013)

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording. Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

GENERAL PROCEDURES

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the Rene C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544 and through Civil e-filing. Information regarding Civil e-filing can be found on the courts website. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

**NOTICE OF CASE ASSIGNMENT**

ACSC (Rev. 10/21)

PETITION AND NOTICE OF REMOVAL
EXHIBIT A, PAGE 24

**ASSIGNED FOR ALL PURPOSES TO**
JUDGE Joscelyn Jones
DEPARTMENT 19

All parties are expected to know and comply with the Local Rules of this Court, which are available on the court's website at http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processed (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days." The court's website contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

COURT RESERVATIONS

The use of the Court Reservation System (CRS) is now mandated in many civil courtrooms within the Alameda County Superior Court. Instead of calling or emailing the courtroom to make a reservation, parties with a case assigned to a courtroom using CRS are directed to utilize CRS to make and manage their own reservations, within parameters set by the courtrooms. CRS is available 24 hours a day, seven days a week and reservations can be made from a computer or smart phone. Please note, you are prohibited from reserving more than one hearing date for the same motion.

Prior to scheduling any motion on CRS, including any Applications for Orders for Appearance and Examination, or continuing any motion, please review the online information (if any) for the courtroom in which you are reserving. There may be specific and important conditions associated with certain motions and proceedings. Information is available on the court's eCourt Public Portal at www.eportal.alameda.courts.ca.gov.

Chad Finke, Executive Officer / Clerk of the Court

By

A. Gospel, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT**

PETITION AND NOTICE OF REMOVAL
EXHIBIT A, PAGE 25

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp<br>**FILED**<br>Superior Court of California<br>County of Alameda<br>12/30/2025<br>Clad Flike, Executive Officer /Clerk of the Court<br>By: _Andre Thapal_ Deputy<br>A. Gospel |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | |
| PLAINTIFF:<br>DUANE MINOR, | |
| DEFENDANT:<br>FEDERAL EXPRESS CORPORATION | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>25CV162213 |

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

| | | |
|---|---|---|
| Date: 07/07/2026 | Time: 3:00 PM | Dept.: 19 |
| Location: Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | | |

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

Expedited Jury Trials

> If the parties agree, they may try the case in an Expedited Jury Trial. Code of Civ. Proc. § 630.01 et seq. In short, the parties would agree to the following: 8 jurors (6 must agree); 3 peremptory challenges per side; 5-hour time limit per side, unless otherwise agreed and approved; one to two court days for completion, unless otherwise agreed and approved; high/low arrangement option; and limited right to appeal. For additional information, please see the following links:
>
> • EJT-010-INFO* Expedited Jury Trial Information Sheet (ca.gov)
> • EJT-008 Agreement of Parties (Mandatory Expedited Jury Trial Procedures) (ca.gov)
> • EJT-020 [Proposed] Consent Order for Voluntary Expedited Jury Trial (ca.gov)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA CIV-100 [Rev. 10/2021]

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>**12/30/2025**<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: _____ Deputy<br>A. Gospel |
| PLAINTIFF/PETITIONER:<br>DUANE MINOR, | |
| DEFENDANT/RESPONDENT:<br>FEDERAL EXPRESS CORPORATION | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>25CV162213 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the attached document upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

DUANE MINOR,
20353 Royale Ave
Hayward,, CA 94541

Chad Finke, Executive Officer / Clerk of the Court

Dated: 12/31/2025

By:

A. Gospel, Deputy Clerk

**CERTIFICATE OF MAILING**

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Duane Minor, pro se<br>20353 Royale Avenue, Hayward, CA 94541<br><br>TELEPHONE NO.: (408) 406-7486    FAX NO. :<br>EMAIL ADDRESS: dminor780@gmail.com<br>ATTORNEY FOR *(Name):* | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>12/30/2025 at 10:04:23 PM<br>By: Andrel Gospel,<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ALAMEDA
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS:
CITY AND ZIP CODE: Hayward 94544
BRANCH NAME:

CASE NAME:
Minor v. FEDERAL EXPRESS CORPORATION a Delaware corporation;and DOES1-50

| **CIVIL CASE COVER SHEET**<br>☒ **Unlimited**  ☐ **Limited**<br>(Amount demanded exceeds $35,000)  (Amount demanded is $35,000 or less) | **Complex Case Designation**<br>☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>25CV162213<br>JUDGE:<br>DEPT.: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☒ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☒ monetary b. ☐ nonmonetary; declaratory or injunctive relief c. ☒ punitive
4. Number of causes of action *(specify):* 4
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 29, 2025

Duane Minor

(TYPE OR PRINT NAME)

▶ */s/ Duane Minor*

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

**Page 1 of 2**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |
|---|---|---|

PETITION AND NOTICE OF REMOVAL
EXHIBIT A, PAGE 28

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
**CM-010**

**To Plaintiffs and Others Filing First Papers.**  If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1.  This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet.  In item 1, you must check **one** box for the case type that best describes the case.  If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below.  A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit.  A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment.  The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading.  A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner
      Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic
      relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

PETITION AND NOTICE OF REMOVAL
EXHIBIT A, PAGE 29

KENNETH CHIKE ODIWE, ESQ. (SBN 315109)
LAW OFFICES OF KENNETH C. ODIWE, PC
2880 Zanker Road Suite 203
San Jose, CA 95134
Telephone: (669) 315-4431
Facsimile: (669) 315-4431
kenneth@kennethodiwelaw.com

Attorney for Plaintiff
DUANE MINOR

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
01/23/2026 at 12:42:33 PM
By: Chan Huang,
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| DUANE MINOR,<br><br>            Plaintiff,<br><br>      v.<br><br>FEDERAL EXPRESS CORPORATION a Delaware corporation; and DOES 1-50<br><br>            Defendants. | Case No.: 25CV162213<br><br>NOTICE OF APPEARANCE OF KENNETH CHIKE ODIWE AS COUNSEL FOR DUANE MINOR |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

I, Kenneth Chike Odiwe, of Law Offices of Kenneth C. Odiwe, PC, herby enter my appearance as counsel for Plaintiff Duane Minor, in this matter. I am a member of the State Bar of California and am admitted to practice in the state of California.  My address and telephone number are as follows:

Law Offices Kenneth C. Odiwe, PC
2880 Zanker Road, Suite 203
San Jose, CA 95134
Telephone: (669) 315-4431
Facsimile: (669) 315-4431

Please serve said counsel with all pleadings and notices in this action.

1

Dated:  January 23, 2026

**Law Offices of Kenneth C. Odiwe, PC**

By:    */s/ Kenneth Chike Odiwe*
     Kenneth Chike Odiwe
     Attorney for Plaintiff
     DUANE MINOR

2

# CERTIFICATE OF SERVICE
*Duane Minor v. Federal Express Corporation*

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Federal Express Corporation, 2601 Main Street, Suite 1100, Irvine, California 92614. On March 4, 2026, I served the within document(s): **DEFENDANT'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER ARTICLE III OF THE U.S. CONSTITUTION AND 28 U.S.C. §§ 1332, 1441 AND 1446**

| | |
|---|---|
| ☑ | With the Clerk of the Court for the United States District Court-Central District of CA by using the Court's CM/ECF system and that service will be accomplished by the court's CM/ECF system to the person(s) as set forth below. |
| ☐ | By transmitting electronically document(s) listed above to the email address(es) listed below. |
| ☑ | By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States Mail at Irvine, California addressed as set forth below. |
| ☐ | By arranging with First Legal Attorney Service to personally deliver the document(s) listed above to the person(s) at the address(es) set forth below. |
| ☐ | By placing the document(s) listed above in a sealed envelope with delivery fees provided for, addressed to the plaintiff as follows for collection by Federal Express for overnight delivery at Federal Express Corporation, 2601 Main Street, Suite 340, Irvine, California 92614, in accordance with Federal Express Corporation's ordinary business practices. |

Kenneth Chike Odiwe, Esq.
Law Offices of Kenneth C. Odiwe PC
2880 Zanker Rd Ste 203
San Jose, CA 95134
kenneth@kennethodiwelaw.com

Attorneys for Plaintiff Duane Minor

☑ *(Federal)* I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 4, 2026, at Irvine, California.

*/s/ Amy Bondi*
Amy Bondi

PETITION AND NOTICE OF REMOVAL

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614